John J. CLARK, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 63–603.

United States District Court
District of Massachusetts.

June 1, 1964.

Francis C. McKenna, Framingham, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Thomas P. O'Connor, Asst. U. S. Atty., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare holding that plaintiff was not entitled to widower's insurance benefits under § 202(f) of the Act. Defendant moves for summary judgment.

In 1960 the plaintiff's wife, Mary L. Clark, attained the age of 65 and had an insured status which would have enabled her to receive benefits under the Act beginning with the month of March, if she had then filed an application for benefits under § 202(a) of the Act. She actually applied for benefits on October 6, 1960, and was found to be entitled to benefits for the months beginning with March, 1960. Mary L. Clark died on October 23, 1960. Plaintiff filed timely application for widower's insurance benefits and was found to be qualified to receive them except for the fact that it was found he failed to meet the requirements of § 202(f) (1) (D) that he should have been receiving at least one-half of his support from his deceased wife. Plaintiff's contention that he did meet this requirement raises the only issue in this case.

Under § 402(f) (1) (D) and the corresponding regulations, 20 CFR § 404.-718, plaintiff to establish his right to widower's benefits must show that he was receiving at least one-half his support from his deceased wife either for a period of one year next preceding her death or for a period of one year next preceding the time she became entitled to social security benefits. Plaintiff contends that his wife became entitled to benefits in March 1960 and that during the year preceding that time he can show that he received more than one-half of his support from her.

Under § 202(a) an individual who is fully insured, has attained retirement age and has filed application for old-age insurance benefits shall be entitled to such benefits for each month beginning with the month in which he becomes so entitled. The filing of the application is thus a prerequisite to entitlement. An individual otherwise eligible for benefits becomes entitled to them only in the month in which application was filed. The act distinguishes between the time *at which* an individual becomes entitled to benefits and the time *for which* he becomes entitled. Thus in Mrs. Clark's case she could have become entitled to benefits in March, 1960 or any month thereafter by filing an application. She did become entitled to benefits only *in* October, 1960 when she actually filed her application. But she then became entitled to benefits for each month beginning with March, 1960 under the provisions of § 202(j) (1) that:

"An individual who would have been entitled to a benefit * * * for any month after August 1950 had he filed application therefor prior to the end of such month shall be entitled to such benefit for such month if he files application therefor prior to the end of the twelfth month immediately succeeding such month."

Hence the proper period for determination of the extent of Mrs. Clark's contribution to her husband's support was the year preceding October, 1960, the month in which she became entitled to benefits and also the month in which she died.

■ Plaintiff, however, contends that even as to this period the examiner erred in his findings as to support. The examiner found that during the support period Mrs. Clark's earnings from her employment were $3,236.14, of which he found as claimed by plaintiff that $3000 was contributed to the mutual expenses of husband and wife. He also found that she contributed during that period $400 from her savings and $224 from sickness and accident benefits received by her. He found that plaintiff's contribution to their mutual support consisted of his pension from the Veterans Administration of $1344 and a loan in the amount of $242 which was obtained from a bank in July, 1960. The total of these contributions was $5210, of which one half, or $2605, was taken as the cost of the support of each. Since plaintiff's contribution of $1,586 was more than one-half the cost of his support during the year, the examiner found he was not entitled to widower's benefits.

■ Plaintiff contends that $144 of his pension and the $242 loan should be regarded as contributions of his wife. His pension consisted of a basic payment of $100 per month under 38 U.S.C.A. § 314 and an additional payment of $12 per month under 38 U.S.C.A. § 315 based on the fact that he had a wife. He contends that the additional $12 per month should be regarded as a payment to his wife and as a part of her contribution to their mutual support. This contention must be rejected. The payment under § 315 is made to the veteran and not to his wife. It was included in a single check with the amount of his basic monthly compensation. There was no requirement that he should use this additional compensation for the benefit and support of his wife. He and not she had the right to dispose of it and it must be regarded as a part of his contribution to the mutual family expenses.

It cannot be held that the examiner's finding as to the $242 loan was unsupported by the evidence. While Mrs. Clark was a co-signer of the note to the bank and there was evidence that the bank was influenced in making the loan by the fact that she was gainfully employed, the evidence showed also that it was plaintiff who sought the loan and was the principal maker of the note, and also that plaintiff paid off the debt from his own income. In any event, even if this loan should be taken as a contribution by Mrs. Clark, plaintiff's veteran's compensation of $1344 would still be more than half of the $2605 which was found to be the cost of his support.

Defendant's motion for summary judgment is allowed and judgment will be entered dismissing the complaint and affirming the decision of the Secretary of Health, Education and Welfare.